Bergan, J. (dissenting).
The ratification of the Warsaw Convention by any of its high contracting parties necessarily took into account the domestic court system of each signatory when it came to providing for jurisdiction over actions arising in pursuance of the Convention. In respect of its judicial structure the United States differs from countries possessing a nationwide court of common jurisdiction over private lawsuits; and ratification of the Convention by the United States was with the territorial distribution of jurisdiction among the several State courts in mind.
*64 Article 28 prescribes that an action may be brought “ in the territory of one of the High Contracting Parties But that clause does not authorize actions in any court within that territory. Jurisdiction is expressly limited to a specified court. An action must be brought in ‘ ‘ the court * * * where he [the carrier] has a place of business through which the contract has been made.”
In the United States this means the court in a State in which the specified conditions of jurisdiction can be met. Such an action cannot be brought in New York merely because a ticket was sold in California and because California is within the territory of the United States. The article defines “ the court ” as that court which exercises a territorial jurisdiction where the carrier has made the transportation contract in its place of business.
In some countries this might well mean any court in the Nation where the same national court has local jurisdiction everywhere. But the jurisdictional condition prescribed by article 28 is not met in New York unless the contract is made by the carrier through its office in this State.
General domestic policies of long standing suggest an absence of jurisdiction. New York has had no contact with the litigation. Neither party is a resident of New York; the contract was made in California; the accident which gives rise to the action occurred in Wadi Haifa, several thousand miles from our territory; the defendant is an Egyptian corporation; and its office in New York had nothing to do with plaintiff’s contract.
What would have been the consequence had plaintiff made the contract in New York is irrelevant. The contract was not made here, but in California. Nor is the growth of air travel a new or decisive factor in deciding the jurisdictional question. The careful language of the Convention in respect of jurisdiction means the same thing now that it meant in 1926 when it was drafted and in 1934 when adopted by the United States.
The text states plainly that jurisdiction is conferred on a court in the place where (a) the carrier sued has a regular place of business; and (b) the contract is made through that place of business. These words are controlling on the question of our jurisdiction and they can be read in no other sense.
The order of the Appellate Division should be affirmed.
*65 Judges Fuld, Van Voorhis aud Soileppi concur with Judge Burke ; Chief Judge Desmond concurs in a separate memorandum ; Judge Bergan dissents in an opinion in which Judge Dye concurs.
Order of Appellate Division reversed and that of the Supreme Court, New York County, reinstated, with costs in this court and in the Appellate Division.